IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHAD ERIC BJORK,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE SLAUGHTER (DHO/DHI), TOM BOLTON (MSP TRAINING), SAM JOVANOVICH (A UNIT MANAGER), and RANDALL JONES (SERGEANT),<br><br>Defendants. | CV 18-00107-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Chad Bjork, a prisoner proceeding without counsel, filed a Complaint raising the following claims: (1) that on July 8, 2018 Defendant Randall Jones used excessive force and denied Mr. Bjork protective eye wear for a medical eye condition and then retaliated against him for writing a grievance (Complaint, Doc. 2 at 7); (2) that on October 31, 2018, Defendant Tom Bolton conducted an unreasonable strip search (Complaint, Doc. 2 at 9); (3) that Defendant Jovanovich acquiesced in Officer Jones's actions and retaliated against Mr. Bjork for reporting Officers Jones and Bolton (Complaint Doc. 2 at 11-12); and (4) that Christine Slaughter retaliated against him for asking for accommodations under the Americans with Disabilities Act at his disciplinary

1

hearing and retaliated against him by finding him guilty of disciplinary violations (Complaint, Doc. 2 at 13-14). The Court considered whether Mr. Bjork's Complaint was frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune pursuant to 28 U.S.C. §§ 1915, 1915A and required Defendants to respond to the Complaint. (Doc. 10.)

Mr. Bjork also filed a Motion for Emergency Preliminary Injunction and/or Temporary Restraining Order & Supervisory Control of Grievances Related to Complaints (Doc. 4) seeking an emergency preliminary injunction and/or temporary restraining order against Montana State Prison staff and officials for himself and his witnesses to protect against retaliation for filing this lawsuit including writing disciplinary infractions, threats of further punishment, refusing to get an outside investigation, and denying him effective treatment for his medical issues. (TRO Motion, Doc. 4.) In his proposed order, he indicates he is seeking an order enjoining Defendants and all other persons acting in concert therewith to: (1) cease and desist in disciplining/punishing Mr. Bjork in retaliation for exercising his constitutional rights, (2) provide him adequate medical treatment, mental health counseling, and effective medications, (3) clear his institutional record of all disciplinary infractions from August 2017 forward; and (4) prohibit Defendants from placing Mr. Bjork in punitive segregation or

reclassifying Mr. Bjork to a higher security level.  (Proposed Order, Doc. 4-2.).

Mr. Bjork filed a motion to appoint counsel on May 16, 2019 (Doc. 13) and Defendants filed an Answer and Response to the motion for injunctive relief on June 7, 2019 (Docs. 14, 15).

Having reviewing the parties' submissions the Court finds that Mr. Bjork's Motion for Emergency Preliminary Injunction and/or Temporary Restraining Order & Supervisory Control of Grievances Related to Complaints (Doc. 4) should be denied.  The motion for appointment of counsel (Doc. 13) will also be denied.

## I. INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted).  It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment.  *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001).  In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted).  "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

4

The Court construes two areas that Mr. Bjork seeks preliminary injunctive relief–to prevent retaliation in the form of discipline and to require appropriate medical care. (Doc. 4.) Mr. Bjork contends he was sexually assaulted and injured when he was strip searched causing a rectal tear resulting in continual bleeding from his rectum. He seeks injunctive relief due to what he contends is continued harassment from the incident, threats, intimidation and retaliation.

The only incident of retaliation specifically complained of by Mr. Bjork which occurred after the filing of this lawsuit was that he was written up for lying on January 16, 2019 based upon the incident at issue in this lawsuit. Mr. Bjork's allegations that Defendants retaliated against him for filing this lawsuit by disciplining him for lying are troubling but at this point, the Court must agree with Defendants that based upon this incident alone, Mr. Bjork cannot establish irreparable harm. As the evidence produced by Defendants indicate, Mr. Bjork received a six-day cell restriction and $21.00 fine based upon Defendants' allegations that he lied in his PREA report. (Doc. 15-1 at 3.) This is insufficient to establish irreparable harm.

Further, the Court will not interfere with future disciplinary issues regarding Mr. Bjork at this juncture. The function of a preliminary injunction is to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*,

840 F.2d 701, 704 (9th Cir. 1988). As such, there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party"). In addition, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Here, Mr. Bjork seeks injunctive relief in the form of an order mandating prison officials to cease disciplining/punishing Mr. Bjork in retaliation for exercising his constitutional rights, clear his institutional record of all disciplinary infractions from August 2017 forward, and prohibiting Defendants from placing Mr. Bjork in punitive segregation or reclassifying Mr. Bjork to a higher security

6

level.  (Proposed Order, Doc. 4-2.).

The Court finds that the relief Mr. Bjork is seeking would potentially interfere with the operation of the prison and therefore have an adverse impact on public safety and/or the operation of the criminal justice system.  The Court will not issue an all encompassing order prohibiting the prison from disciplining Mr. Bjork, clearing his institutional record and/or prohibiting them from placing Mr. Bjork in punitive segregation or reclassifying him.  Although Mr. Bjork's allegations have been found to be sufficient to state a cognizable claim, they are not sufficient to make the required showing that he is entitled to immediate injunctive relief.

The Court is concerned about Mr. Bjork's allegations that he has been denied medical treatment for "severe rectal bleeding, debilitating rectal and anal pain due to the incident" at issue in this case.  However, he has only made conclusory statements that he has been unable to get adequate and effective medical treatment for this condition.  (Doc. 5-2 at 1.)  Although he attaches a November 30, 2018 refusal of treatment form which he contends was false (Doc. 5-1 at 2), the response to his December 4, 2018 medical request indicates he had been rescheduled.  (Doc. 5-1 at 1.)  As such, the Court finds there is insufficient evidence to establish that Mr. Bjork has been denied medical care in retaliation for

the filing of this lawsuit.

The motion for preliminary injunctive relief should be denied.

## II. MOTION FOR APPOINTMENT OF COUNSEL

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

8

Cir. 1986) (citations omitted).

Mr. Bjork argues he is able to prevail on the merits of this case, he is being retaliated against for filing this lawsuit, and he is disabled physically and mentally. He also contends he will need help investigating the facts and will need expert medical witnesses. (Doc. 13.) Despite these representations, the Court finds that Mr. Bjork has not sufficient established the likelihood of success on the merits and an inability to articulate his claims pro se. Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Mr. Bjork has not made a sufficient showing of exceptional circumstances. He has not demonstrated a likelihood of success on the merits and he has effectively articulated his claims. The Court does not see a sufficient basis to appoint counsel. The motion will be denied.

Based upon the foregoing, the Court issues the following:

**ORDER**

Mr. Bjork's Motion to Request Court to Appoint an Attorney (Doc. 13) is DENIED.

Further, the Court issues the following:

**RECOMMENDATIONS**

Mr. Bjork's Motion for Emergency Preliminary Injunction and/or Temporary Restraining Order and Supervisory Control of Grievances Related to Complaints (Doc. 4) should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Bjork is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of June, 2019.

                              */s/ John Johnston*
                              John Johnston
                              United States Magistrate Judge