IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



CHAD ERIC BJORK,

Plaintiff,

vs.

CHRISTINE SLAUGHTER
(DHO/DHI), TOM BOLTON (MSP
TRAINING), SAM JOVANOVICH (A
UNIT MANAGER), and RANDALL
JONES (SERGEANT),

Defendants.

CV 18–107–H–DLC–JTJ

ORDER

United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendations in this case on June 24, 2019, recommending that Plaintiff Chad Eric Bjork's motion for a preliminary injunction be denied. (Doc. 16 at 10.) Bjork filed an objection and is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000)

-1-

(citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original).

Here, Bjork seeks an injunction which would require Montana State Prison officials to cease disciplining him in retaliation for exercising his constitutional rights, clear his institutional record of all disciplinary infractions since August 2017, prohibit Bjork from being placed in punitive segregation, prohibit Bjork from being reclassified at a higher security level, and provide Bjork with certain

medications and treatment. (Doc. 4-2 at 1–2.) When a party seeks an injunction that goes beyond maintaining the status quo pending a determination on the merits and requests an injunction which would require affirmative conduct by the opposing party, the injunction is "subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (internal quotation marks and citation omitted). Additionally, pursuant to the Prison Litigation Reform Act, when considering injunctive relief, the Court is to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" which could result from the injunction and must narrowly draw any injunction so that it is the least intrusive means necessary to correct the harm at issue. 18 U.S.C. § 3626(a)(2).

Judge Johnston determined that the injunctive relief Bjork requested would both require affirmative action on the part of Defendants and "potentially interfere with the operation of the prison and therefore have an adverse impact on public safety and/or the operation of the criminal justice system." (Doc. 16 at 7.) Further, Judge Johnston determined that Bjork had provided no more than conclusory statements in support of his request for injunctive relief relating to his medical

-3-

needs. (*Id.*) As a result of these problems, Judge Johnston recommended denying Bjork's request. (*Id.* at 8.) The Court agrees with Judge Johnston's assessment.

Bjork's objection consists largely of more conclusory statements alleging that Defendants are violating a number of his constitutional rights. For instance, Bjork claims that "[d]isciplinary actions against [him] for filing grievances and legal actions against the Defendants is a Violation of [his] First Amendment Right to access the Courts and [is] direct evidence of continuing retaliation against [him]." (Doc. 25 at 1.) However, merely stating that Defendants are retaliating against him and violating his rights does not make it so. Nor is it evidence that this is happening.[1] Moreover, Plaintiff fails to connect his conclusory statements to any argument indicating which of Judge Johnston's findings or analyses he takes issue with. As previously stated, the undersigned agrees with Judge Johnston. Bjork's conclusory statements do not provide reason to reach a contrary to result. Accordingly,

---

[1] Bjork attached as an exhibit to his objection an unsigned copy of a "Refusal of Treatment" form which he claims shows that Defendants are refusing to treat his ailments. (Docs. 25 at 2; 25-1 at 1.) This is the one piece of evidence presented in his otherwise conclusory objection. However, this form appears to have been given to Bjork after *he* refused recommended treatment, not after Defendants refused to treat him. (*See* Doc. 25-1 at 1.) As such, this evidence does not advance his position that Defendants are refusing to treat him.

-4-

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 16) are ADOPTED IN FULL and Bjork's Motion (Doc. 4) is DENIED.

DATED this 22nd day of August, 2019.

Dana L. Christensen, Chief Judge
United States District Court