IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHAD ERIC BJORK,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE SLAUGHTER (DHO/DHI), TOM BOLTON (MSP TRAINING), SAM JOVANOVICH (A UNIT MANAGER), and RANDALL JONES (SERGEANT),<br><br>Defendants. | CV 18-00107-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On April 8, 2019, this Court required Defendants to respond to Plaintiff Chad Bjork's Complaint. (Doc. 10.) Defendants filed an Answer on July 10, 2019 (Doc. 14) and Mr. Bjork filed an Amended Complaint on July 12, 2019 seeking to add 16 additional defendants and 17 additional claims (Doc. 22). The Court will now screen the Amended Complaint pursuant to 28 U.S.C. § 1915, 1915A. Because the majority of Mr. Bjork's new claims are unrelated to the Complaint which has been served and answered by Defendants, Counts V-VII, X, XI, and XIII - XXI of the Amended Complaint should be dismissed. Defendants Rees, Stray and Cobban will be required to respond to Counts VIII, IX, and XII.

"Fed.R.Civ.P. 18(a) [states that]: A party asserting a claim to relief as an

1

original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007).

Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, provides that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

Rule 20 is a flexible rule that allows for fairness and judicial economy. The purpose of the rule is to promote trial convenience and expedite the final

2

determination of disputes, thereby preventing multiple lawsuits. 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986). "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." *Id.*, § 1653 at 382.

Rule 20(a)(2) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against, each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Mr. Bjork raised the following claims in his Complaint: (1) that on July 8, 2018 Defendant Randall Jones used excessive force and denied Mr. Bjork protective eye wear for a medical eye condition and then retaliated against him for writing a grievance (Complaint, Doc. 2 at 7); (2) that on October 31, 2018, Defendant Tom Bolton conducted an unreasonable strip search (Complaint, Doc. 2 at 9); (3) that Defendant Jovanovich acquiesced in Officer Jones' actions and retaliated against Mr. Bjork for reporting Officers Jones and Bolton (Complaint

Doc. 2 at 11-12); and (4) that Christine Slaughter retaliated against him for asking for an Americans with Disabilities Act accommodation at his disciplinary hearing and retaliated against him by finding him guilty of disciplinary violations (Complaint, Doc. 2 at 13-14).

In his Amended Complaint, Mr. Bjork not only amends these claims against the Defendants which have appeared in this action, he seeks to add the following claims:  Count V:  allegation that Michelle Steyh transferred Mr. Bjork to Crossroads and refused to allow Mr. Bjork to transport his CPAP respirator from Yellowstone County; Count VI:  allegations against Eric Thomas for allegedly practicing medicine without a license and denying Mr. Bjork effective and proper medical treatment; Count VII:  allegations that Defendant Mike Fletcher violated his right to redress of grievances and right to access to the courts; Count VIII: allegations against Dr. Paul Rees for alleged denial of effective and appropriate medical care including denial of medical care for injuries allegedly caused by Bolton; Count IX:  allegations against Defendant Stray for allegedly chilling his exercise of First Amendment rights to redress of grievances and exercise of access to the courts by allegedly punishing Mr. Bjork for filing a PREA claim against Tom Bolton and calling Mr. Bjork a liar; Count X:  allegations against Defendant Cindy Hiner that she denied him appropriate and effective medical treatments by

4

denying his grievance appeals; Count XI: allegations that Defendant Thorton attempted to force Mr. Bjork to take medications to which he was allergic; Count XII: allegations that Defendant Cobban worked in concert with other Defendants by threatening Mr. Bjork and his witnesses with retaliatory discipline if they continued to grieve staff members involved in the October 31, 2018 strip search of Mr. Bjork; Count XIII: allegations that Defendant Connie Winner engaged in a continuing course of action of denial of medical grievances for pain management, migraine therapy, PTSD therapy and medications, sleep apnea CPAP machine, denial of bottom bunk restriction, and failure to treat his head injury, shoulder, knee and back injury, chronic pain; Count XIV: allegations that Defendant Den Lemon damaged Mr. Bjork's inner ear drum and hearing when on November 14, 2017 he turned up the PA system making intentional crackling and popping noises; Count XV: allegations that Defendant Thomas Wilson violated his constitutional rights by upholding retaliatory major disciplinary write ups and findings, denied him ADA accommodations, caused a denial of due process in Mr. Bjork's parole hearing, defamation at parole hearing, and allowing overcharge of phone rates; Count XVI: Defendant Regina DeScheiffield failed to file his grievances, did not respond to grievances, refused to investigate grievances, and helped medical staff deny effective medical treatment; Count XVII: allegations

5

that Defendant Dr. Paul Rees prescribed him ibuprofen in place of a working medication and Mr. Bjork was allergic to ibuprofen; Count XVIII: allegations that Defendant Karen Peterson searched Mr. Bjork's legal filings and mail and took legal work belonging to him and another inmate; Count XIX: allegations that Defendant Russ Danahur, the MDOC ADA Coordinator denied Mr. Bjork his constitutional rights when he was denied medical equipment for known disabilities; Count XX: allegations that the Montana State Prison violated his constitutional rights on a continuing basis by denying him appropriate and effected medical treatments; and Count XXI: allegations that Associate Warden Godfrey denied him his constitutional rights by locking down the facility on a continuing basis when there was no actual threat to the security or orderly operation of the facility. (Amended Complaint, Doc. 22 at 14-24.)

    Mr. Bjork's allegations that Dr. Rees failed to treat the injuries he received on October 31, 2018 as alleged in Count VIII; that Defendant Stray punished Mr. Bjork for filing a PREA complaint against Defendant Bolton regarding the October 31, 2018 search as alleged in Count IX; and that Defendant Cobban threatened Mr. Bjork and his witnesses if they continued to grieve the October 31, 2018 incident arise out of the same transaction and occurrences at issue in the original Complaint and Defendants will be required to respond to those claims.

All other allegations raised in the new Counts are completely separate from the claims in Mr. Bjork's original complaint which have been served upon Defendants Slaughter, Bolton, Jovanovich, and Jones. These claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and they lack a question of law or fact common to all defendants. Mr. Bjork's vast array of claims are disparate and unrelated and are inappropriate for joinder under Rule 20.

Based on the foregoing, the Court issues the following:

**ORDER**

1. On or before September 9, 2019, counsel for Defendants shall advise the Court whether they will accept service of the Amended Complaint on behalf of Defendants Rees, Stray, and Cobban. If so, Defendants' answer or appropriate motion will be due on or before September 27, 2019.

2. The Clerk of Court is directed to add Defendants Dr. Paul Rees, Harold Stray, and Kristine Cobben to the docket.

3. At all times during the pendency of this action, Mr. Bjork must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Counts V-VII, X, XI, and XIII - XXI of Mr. Bjork's Amended Complaint should be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of August, 2019.

                                   */s/ John Johnston*
                                   John Johnston
                                   United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Bjork is being served by mail, he is entitled an additional three days after the period would otherwise expire.

8