IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

CHAD ERIC BJORK,

Plaintiff,

vs.

CHRISTINE SLAUGHTER
(CHO/DHI), TOM BOLTON (MSP
TRAINING), SAM JOVANOVICH (A
UNIT MANAGER), and RANDALL
JONES (SERGEANT),

Defendants.

CV 18–107–H–DLC–JTJ

ORDER

On August 26, 2019 United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendations recommending that certain claims of inmate Chad Eric Bjork's Amended Complaint be dismissed under Federal Rule of Civil Procedure 20(a)(2). (Doc. 32.) Bjork timely objects and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

## BACKGROUND

On December 13, 2018 Bjork filed his original Complaint (Doc. 2) and shortly thereafter filed a preliminary injunction and temporary restraining order (Doc. 4). On April 8, 2019 Judge Johnston screened Bjork's Complaint, determined it was nonfrivolous, and ordered Christine Slaughter, Tom Bolton, Sam Jovanovich, and Randall Jones to respond to Bjork's allegations. (Doc. 10.) Generally, the Complaint alleged that: (1) Jones used excessive force and retaliated against Bjork; Bolton conducted an unreasonable strip search; (3) Jovanovich acquiesced in both of these incidents and further retaliated against Bjork; and (4) that Slaughter retaliated against Bjork for requesting accommodation under the Americans with Disabilities Act in a disciplinary hearing. (Doc. 2.) On June 6, 2019, Defendants answered the Complaint. (Doc. 14.) Then, on July 22, 2019 Bjork filed an Amended Complaint seeking to add 16 additional defendants and 17 additional claims. (Doc. 22.) Judge Johnston determined that the lion's share of these claims were factually unrelated and asserted against new defendants, and therefore inappropriately joined in this lawsuit. (Doc. 32 at 1.) However, the Magistrate Judge recommended that the claims against Defendants Rees, Stray and Cobban proceed and ordered those defendants to respond to the Amended Complaint. (*Id.*)

## DISCUSSION

Permissive joinder of parties is governed by Federal Rule of Civil Procedure 20. The rule provides that defendants may be joined in one action if: "(1) a right to relief [is] asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Even when the requirements for permissive joinder are met, a court may exercise discretion to deny joinder to avoid prejudice, delay, ensure judicial economy, and safeguard principles of fairness. *Seely v. Baca*, No. 315CV00118MMDVPC, 2016 WL 829915, at *1 (D. Nev. Mar. 1, 2016); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

When it comes to claims brought under the Prison Litigation Reform Act ("PLRA"), joinder is scrutinized more carefully in order not to frustrate the filing fee requirements. *See Seely*, 2016 WL 829915, at *2; *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001).

Judge Johnston determined that most of Bjork's new claims raised in the Amended Complaint ought to be dismissed as failing to meet Rule 20's requirements. The Magistrate Judge determined that many of the newly added claims involved separate factual scenarios, different legal theories, occurred at

3

separate times, and/or were asserted against different defendants. (*See* Doc. 32 at 4–6.) Bjork now attempts to overcome this challenge, by alleging that all claims are related because they are all part of an institutional "campaign of harassment." (Doc. 35 at 1.) This is not the sort of specific objection that is entitled to de novo review. The Court will review for clear error.

Even though claims asserted by pro se litigants are entitled to greater leniency, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Bjork fails to allege facts sufficient to support this theory. For example, he does not allege that any of the defendants were motivated or inspired to cause him harm because they saw one another doing so. He does not allege any conspiracy or shared purpose that caused each participant to act towards a broader objective to harm him. In short, the Amended Complaint does nothing more than cite a series of individual instances accompanied by the conclusion that these defendants "acted in concert" towards a "campaign of harassment." (Doc. 35 at 3.) Joining each of these defendants together in a single action is improper under Rule 20 and would circumvent the requirements of the PLRA.

Next, Bjork specifically objects to the dismissal of the claims against Karen Peterson, Den Lemon, Mike Fletcher, Michele (Shelly) Steyh, and Sergeant Machler. The Court will review these claims de novo.

## I. Karen Peterson

Bjork asserts that Peterson and Slaughter acted in concert to deny Plaintiff his due process rights at a disciplinary hearing. (Doc. 35 at 1.) The Complaint alleges that Slaughter retaliated against Bjork for requesting disability accommodation by finding him guilty of disciplinary violations on this basis. (Doc. 2 at 13.) The Complaint does not go into much detail on how or when this occurred. The Amended Complaint alleges that Peterson searched Bjork's legal filings and took portions of his legal mail and then wrote him up for a disciplinary infraction. (Doc. 22 at 22.) Bjork seems to allege that the disciplinary infraction was a result of Bjork exercising his constitutional right to access the courts. Even if the Court assumes that that the disciplinary violation filed by Peterson was the same violation that Slaughter determined Bjork was guilty of, there is not a sufficient factual nexus to properly join Peterson in this matter. Bjork has not alleged anything to show that the women were "in concert" with one another, for example, that Slaughter asked Peterson to file a grievance against Bjork in order to punish him or that Peterson was a part of that adjudication process. Peterson will not be joined.

## II. Den Lemon

The Amended Complaint alleges that Den Lemon caused damage to Bjork's inner ear when he intentionally blasted a crackling and popping noise over the

5

intercom in Bjork's unit for sadistic and malicious pleasure. (Doc. 19 at 44.) Bjork subsequently filed a grievance against Lemon and was then subjected to verbal harassment from Lemon for doing so. (*Id.*) In his objections, Bjork argues that this act was taken as part of the "campaign of harassment" involving Slaughter and Rees. (Doc. 35 at 2.) There is no indication from the Amended Complaint that this incident with Bjork's ear resulted in any disciplinary action taken against him. Thus, there are no facts or legal theories that involve Slaughter. Furthermore, the Amended Complaint does not allege a retaliation claim against Rees. Bjork accuses Rees of denial of medical care for failing to treat many of his ailments, including his ear. Bjork's claim against Rees arises under the Eighth and Fourteenth Amendments and contains no allegations that Rees offered subpar medical services because Bjork filed grievances against anyone at the prison. This claim is unrelated, and joinder of Lemon is therefore improper.

### III. Mike Fletcher

The Amended Complaint alleges a First Amendment claim for denial of access to courts against Warden Fletcher. (Doc. 22 at 15.) The Amended Complaint alleges that on August 30th, at lunchtime, Warden Fletcher was issued a summons related to litigation from Bjork and a few other inmates. The warden became agitated and referred to all of the inmates involved as "bitches." (*Id.*) In his objections, Bjork contends that this claim is emblematic of the "custom" of

6

retaliation and harassment that confronts inmates who access the courts. (Doc. 35 at 2.)

"Prisoners have a constitutional right of access to the courts." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) *overruled on other grounds by Richey v. Dahne*, 87 F.3d 1202, 1209 n. 6 (9th Cir. 2015). This right includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress" of a prisoner's grievances. *Id.* at 1102. The Ninth Circuit differentiates between claims involving a prisoners' right to affirmative assistance, which is limited to the tools necessary to attack a sentence and "challenge the conditions of . . . confinement," and claims regarding a prisoners' right to litigate without active interference. *Id.*

However, in *Lewis*, the Supreme Court explained that an "actual injury" must arise before a prisoner has the standing to assert either right. *See Lewis*, 518 U.S. at 349–52. An "actual injury" occurs when there is a "specific instance" in which a prisoner was denied access. *Id.* at 349. The injury requirement is "not satisfied by just any type of frustrated legal claim." *Id.* at 354–55. It is only satisfied when an inmate is denied access with regard to a direct appeal from his or her conviction, a habeas petition, or a civil rights action. *Id.* "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

The claim against Fletcher is not actionable. Name calling Bjork, while inappropriate, does not rise to the level of the "actual injury" required for a First Amendment claim because it does not allege that Bjork suffered any impediment to the pursuit of his claims. Fletcher will not be joined.

## IV. Michele (Shelly) Steyh

The Amended Complaint alleges that Steyh was a unit manager in charge of Bjork's transfer from Yellowstone County Jail and that she failed to make arrangements to transfer Bjork's CPAP machine despite knowing that it was critical to his health. (Doc. 22 at 14.) Bjork contends that this action "set the bar" for the custom of retaliation against him, however, Bjork fails to allege that the other named Defendants were aware of this event or somehow inspired to treat Bjork poorly because of it. Rather, this claim seeks to bring a new defendant into an existing lawsuit based on an entirely separate incident. Joinder is not appropriate.

## V. Sergeant Machler

In his final objection, Bjork alleges that Sergeant Machler confronted Bjork for having filed many grievances and complained that it had drawn the attention of other prisoners. (Doc. 35 at 3.) These allegations are not contained in the Amended Complaint. A claim raised for the first time in the objections is not

properly before the court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court").

Having reviewed each of Bjork's objections, the Court adopts the findings and recommendation in full.

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 32) is ADOPTED in full.

1. Counts V–VII, X, XI, and XIII–XXI of Bjork's Amended Complaint (Doc. 22) are DISMISSED WITHOUT PREJUDICE.

DATED this 9th day of October, 2019.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court